UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTTS

| | |
|---|---|
| TERESA KUROWSKA; GRZEGORZ JAN KUROWSKI<br><br>Plaintiff,<br><br>vs.<br><br>TD BANK, N.A.; JOHN DOES I-X,<br><br>Defendant. | Civil Action No. 3:25-30096 |

## INTRODUCTION

1. The primary purpose of the Electronic Funds Transfer Act ("EFTA") is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this title, however, is the provision of individual consumer rights." 15 U.S.C. §1693

2. This action arises out of violations of the EFTA 15 U.S.C. §1693 *et seq*. and Regulation E, by Defendant and its agents in their illegal transfers of funds from Plaintiffs' bank account.

3. The Plaintiffs seek actual damages, statutory damages, costs and attorney fees.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriately laid in the United States District Court, District of Massachusetts under 28 USC §1331 as this claim is based upon a federal statute and federal question jurisdiction. In the alternative, jurisdiction is established by diversity pursuant to 28 U.S.C. §1332.

5. Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C. §1391(b)(2) as the events causing the claim occurred substantially within the State of

Massachusetts.

## PARTIES

6.     Teresa Kurowska and Grzegorz Jan Kurowski ("Plaintiffs") are husband and wife residing in Springfield, Massachusetts.

7.     Defendant TD Bank, N.A. is a New Jersey corporation operating throughout the United States. TD Bank, N.A. maintains a physical location within the Commonwealth of Massachusetts at 561 Sumner Ave, Springfield, MA 01108.

## FACTUAL ALLEGATIONS

8.     Within one year immediately preceding the filing of this complaint, Defendant initiated and/or attempted to initiate certain electronic funds transfers from Plaintiffs' bank account to/for the benefit of unknown third-party identity thieves, which were "electronic funds transfers" as defined by 15 U.S.C. §1693a(7).

9.     Defendant holds accounts belonging to Plaintiffs and has issued access devices with an explicit agreement to perform electronic funds transfers and therefore is a covered "person" under EFTA. Reg. E, 12 C.F.R. §1005.2(i).

10.     Each account held by Defendant and belonging to the Plaintiffs is a bank account used for personal, family or household purposes as defined by 15 U.S.C. §1693a(2) and 12 C.F.R. §1005.2(b)(1).

11.     In addition to being covered by the EFTA, Defendant maintains policies and procedures intended to protect its customers, and immunize its customers from fraudulent account activity that could otherwise result in a loss of personal funds.

12.     Defendant specifically advertises the existence of policies and procedures intended to protect consumers from acts of fraud. Its website states:

**Security alerts**

**Data Incidents**

TD Bank has fraud detection processes in place to help protect our customers from data incidents – including data breaches where hackers infiltrate secure networks to steal e-mail addresses, phone numbers, Social Security numbers or other sensitive personal and/or business information. In the event of such an occurrence, we may contact you to verify account activity – but we will *never* ask you for sensitive information such as your Online Banking password or card PIN. Our consumer debit and credit cards also have Visa's Zero Liability Policy, so in the unlikely event that fraudulent charges are made with your card or account information you won't be held responsible.[1]

13. The Plaintiffs are a retired couple whose income is derived from social security and disability benefits.

14. In 2004 Plaintiffs moved from Poland to Massachusetts, where they have resided at all times since.

15. The Plaintiffs primary language is Polish and while they understand some English, they often require the help of an interpreter to communicate with non-Polish speakers.

16. Within a year of moving to the United States, Plaintiffs opened a checking account with TD Bank, N.A.

17. Plaintiffs maintained the same checking and savings accounts with TD Bank, N.A. for approximately twenty years, until the end of 2024.

18. TD Bank, N.A. is familiar with the spending patterns of the Plaintiffs and has direct knowledge of their income and expenditure patterns.

19. TD Bank, N.A. knew how to reach Plaintiffs by phone, mail and email.

20. On information and belief, prior to May, 2024, the total amount of funds electronically transferred out of Plaintiffs' account never exceeded $3,300 in a single month.

21. In 2019 Grzegorz Jan Kurowski began experiencing increased health problems resulting in multiple hospitalizations.

22. Eventually it was determined that Mr. Kurowski needed a lung transplant and in the

Summer of 2023 he was fortunate to obtain one.

23.  Mr. Kurowski continues to necessitate around the clock care and for the past two years has been required to travel from Springfield, Massachusetts to New York Presbyterian Columbia University Hospital in New York City at least once a month.

24.  Frequently, the trips are over the course of multiple days and require in patient treatment.

25.  During the year 2024 there were at least fifteen medical trips for Mr. Kurowski to New York City for medical treatment.

26.  Teresa Kurowska attends the medical appointments with her husband.

27.  From the time Plaintiffs opened the bank account in 2004, through approximately some point in 2024, the Plaintiffs received monthly banking statements by regular mail.

28.  The Plaintiffs did their banking in person at the bank.

29.  Simple tasks that could be done through the internet banking portal, such as transferring funds from the TD Bank, N.A. savings account to the checking account, were done by Plaintiff in person at her local branch.

30.  In or around early 2024, an employee/representative of TD Bank, N.A. told the Plaintiffs that they needed to consent to receive electronic monthly banking statements instead of paper statements sent by mail, in order to avoid being charged a monthly fee.

31.  Plaintiffs were not routine users of the TD Bank N.A. online banking platform and were not computer savvy, but agreed to make the change due to their meager fixed income.

32.  In or around May 20, 2024, unknown identity thieves fraudulently obtained electronic access to Plaintiffs' T.D. Bank, N.A. accounts through use of fraud and artifice, posing as the Plaintiffs to initiate unauthorized fraudulent transfers of money out of the Plaintiffs' bank account.

33.  On information and belief, the identity thieves changed the log-in information to Plaintiffs'

4

bank account, thereby inhibiting their ability to access the online account and electronic bank statements during the relevant time period.

34. Plaintiffs did not provide access to their bank account log in information to any third parties and did not lose an electronic device resulting in the identity thief obtaining access to the account.

35. On or about November 18, 2024, Plaintiff was making a routine payment from her TD Bank, N.A. account and the transaction was declined due to insufficient funds.

36. Plaintiff then attempted to log into the bank account online to determine why the transaction was declined, however, Plaintiff could not log into the account.

37. Plaintiff immediately contacted TD Bank, N.A. and was provided a temporary log-in credential to access the account online.

38. Upon logging into the account, Plaintiff immediately saw that thousands of dollars had been transferred out of their account without their knowledge, authorization, involvement, or approval.

39. That same day, November 18, 2024, Plaintiff filed a dispute reporting the fraudulent transfers pursuant to 15 U.S.C. §1693f.

40. Plaintiffs told TD Bank, N.A. that they did not authorize the Defendants' electronic fund transfers made to their checking and savings accounts and that they disputed the charges.

41. Despite having reported these fraudulent transfers in a timely manner immediately upon gaining access to the monthly statements, Defendant has refused to return the Plaintiffs funds.

42. On information and belief, November 18, 2024 was the first time Plaintiffs accessed the monthly statements issued by TD Bank, N.A. since they transitioned the Plaintiffs to receiving electronic only statements.

43. Between May 20, 2024 and November 18, 2024, more than 100 unauthorized electronic

transfers moved an excess of $50,000 out of Plaintiff's bank account to third party sports gambling businesses.

44. The single largest electronic transfer of money occurred on November 4, 2025 wherein $4,000.00 of Plaintiffs money was fraudulently transferred to Fanduel.

45. The single largest day of fraudulent electronic transfers occurred on November 12, 2024, when eight separate transactions moved $9,700.00 of Plaintiffs money to Fanduel.

46. The fraudulent transactions occurred over seven statement cycles.

47. Six of the seven statement cycles containing fraudulent electronic transfers included electronic transfers that exceeded the largest monthly movement of money by Plaintiffs during the twenty years that Plaintiffs have banked with TD Bank, N.A.

48. During each of the two statement cycles starting on October 12 and November 12 respectively, more than $17,000 was electronically transferred from Plaintiffs account.

49. Plaintiffs suffered actual and concrete harm as a result of the Defendant's violations of the EFTA and Reg E. and have been wrongfully deprived of their funds and Defendant's misconduct has caused financial and emotional hardship for the Plaintiffs.

50. Plaintiffs have directly disputed the fraudulent unauthorized electronic transfers on at least three separate occasions and Defendant has refused to follow the EFTA and Reg. E. each time.

51. On November 20, 2024, two days after receiving the Plaintiff's initial dispute, Defendant responded stating:

> Dear TERESA KUROWSKA,
>
> We have completed our review into your ATM/Debit Card Dispute claim filed on 11/18/2024 in the amount of $32678.80. Our review concluded that an error did not occur. The reason for this decision was based upon the following:
>
> Transactions appeared to be authorized because successful online banking logins and attempts during disputes timeframe.

52. On November 25, 2024, three days after receiving the Plaintiff's second dispute, Defendant responded stating:

> Dear TERESA KUROWSKA,
>
> We have completed our review into your ATM/Debit Card Dispute claim filed on 11/22/2024 in the amount of $7174.84. Our review concluded that an error did not occur. The reason for this decision was based upon the following:
>
> Transactions appeared to be authorized because successful online banking logins and attempts during disputes timeframe.

53. Plaintiffs submitted a third dispute to TD Bank, N.A. On April 4, one day after receiving Plaintiff's third dispute, Defendant responded stating:

> Dear TERESA KUROWSKA,
>
> We have completed our review into your ATM/Debit Card Dispute claim filed on 04/03/2025 in the amount of $28342.06. Our review concluded that an error did not occur. The reason for this decision was based upon the following:
>
> Mobile deposits and / or balance inquiries indicate that activity was authorized.

*Violations of the Electronic Funds Transfer Act*

54. Defendant failed to obtain authorization from the Plaintiffs for the disputed electronic fund transfers, as required by, and in violation of Reg. E. and EFTA. 12 C.F.R. §1005.10(b).

55. Defendant made more than 100 electronic fund transfers from Plaintiffs' bank account in the last year immediately preceding the filing of this lawsuit, within the meaning of Regulation E and EFTA, without having first complied with the requirements of the EFTA and Reg. E. 15 U.S.C. §1693 and 12 C.F.R. §1005.10.

56. Defendant's failure to obtain Plaintiffs' authorizations required by the EFTA, prior to instituting the unauthorized electronic fund transfers from Plaintiffs' bank account constitutes a violation of the EFTA, 15 U.S.C. §1693.

57. Defendant engaged in unfair acts and practices by withdrawing payments and withdrawing

payments in variable amounts from Plaintiff's bank account without a valid authorization and transmitting those funds at the direction of an unknown fraudster to third party gambling entities, in violation of the EFTA 15 U.S.C. §1693e(a) and (b), and Regulation E, 12 C.F.R. §1005.10(b) and (d).

### *Rules for Dispute Resolution under EFTA and Reg. E.*

58. Under Regulation E, when a consumer like the Plaintiffs allege there has been an unauthorized transfer from their account, the financial institution must investigate and determine if the allegation is true, correcting any unauthorized transfer that occurred. If the financial institution is unable to complete its investigation within ten days, it must provisionally re-credit the consumer's account while it completes its investigation. Reg. E, 12 C.F.R. §1005.11(c)(2).

59. When a consumer alleges that an EFT is unauthorized, the burden of proof is on the financial institution to show that it was authorized or that the conditions for consumer liability have been met. 15 U.S.C. §1693g(b).

60. A person who fails to comply with any provision of the EFTA is liable under 15 U.S.C. §1693m for the sum of:

    (1) Any actual damage sustained by the consumer;

    (2) Statutory damages in an individual case of not less than $100 nor greater than $1,000 or, in a class action, such amount as the court may determine, with a maximum of the lesser of $500,000 or 1% of the Defendant's net worth; and

    (3) The costs of the lawsuit together with reasonable attorney fees.

    15 U.S.C. §1693m(a).

61. A second special EFTA remedy provision makes the financial institution liable for treble

damages under 15 U.S.C. §1693f(e) if it failed to provisionally re-credit the consumer's account within ten days after receiving the consumer's notice of an error and either 1) did not conduct a good faith investigation or 2) did not have a reasonable basis for believing the consumer's account was not in error. 15 U.S.C. §1693f(e)(1).

62. The financial institution is also liable for treble damages if it knowingly and willfully concluded the consumers' account was not in error when it had no reasonable basis for that determination. 15 U.S.C. §1693f(e)(2).

63. Under 15 U.S.C. §1693f(a)(3), upon notice of a dispute from a consumer, a financial institution is under an obligation to investigate the nature of the dispute and report back to the consumer the results of the investigation.

### *Incomplete and Non-compliant Investigation*

64. Defendant failed to conduct a timely good faith investigation into the reported errors made by Plaintiffs.

65. When a notice of a disputed electronic funds transfer is received by a financial institution they "Shall investigate promptly and… shall determine whether an error occurred within 10 business days of receiving a notice of error. The institution shall report the results to the consumer within three business days after completing its investigation." 12 C.F.R. §205.11(c)(1).

66. A financial institution can expand the time for investigation from 10 business days to 45 days, so long as it "[p]rovisionally credits the consumer's account in the amount of the alleged error () within 10 business days of receiving the error notice." 12 C.F.R. §205.11(c)(2)(A).

67. Each of the three times Plaintiffs disputed the fraudulent charges, TD Bank, N.A. rejected the claims and issued written conclusions in less than two business days.

68. Defendants investigation failed to consider clear signs of fraud including but not limited to

the following:

    a. Defendant failed to consider the size of individual transactions exceeded the size of transactions made by Plaintiffs during their prior twenty years of banking with TD Bank, N.A.

    b. Defendant failed to consider that prior to the disputed period, there was never a history of money being moved from Plaintiffs accounts to gambling websites or services.

    c. Defendant failed to consider the total sum of transactions during the disputed time period far exceeded patterns of Plaintiffs expenditures during the prior twenty years of banking with TD Bank, N.A.

    d. Defendant failed the total sum of the quantity of transactions during the disputed time-period far exceeded patterns of Plaintiffs' transactions during the prior twenty years of banking with TD Bank, N.A.

    e. Defendant failed to consider the entities FanDuel, Caesars Sportsbook, Bet MGM, DraftKings, and Wagertalk are known in the retail banking industry to be more prone to fraudulent transactions than the typical payee.

    f. Defendant failed to consider changes to the Plaintiffs log-in credentials for the TD Bank, N.A. account.

    g. Defendant failed to consider the locations of the transactions and/or devices from where the transactions were alleged to have been authorized. This information if considered would have established clearly the transactions were fraud.

69.    TD Bank, N.A. made no meaningful investigation and failed to conduct its investigation at the good faith standard required by the EFTA.

70. TD Bank, N.A. swiftly reached unreasonable conclusions denying the Plaintiff's disputes merely by confirming that someone (even if it wasn't the Plaintiffs) appeared to have accessed the account electronically during the disputed period.

71. TD Bank, N.A. made no effort to interview the Plaintiffs or anyone else as part of the investigation.

72. Defendant had no reasonable basis to conclude that the disputed transactions were authorized by Plaintiffs.

73. There was more than enough information available to the Defendant and its investigators to confirm Plaintiffs were the victims of fraud.

74. Pursuant to 15 U.S.C. §1693f(d), a financial institution that conducts an investigation of an error and concludes no error occurred, is obligated to provide the borrower a written notice of the consumer's right to request reproductions of all documents relied upon in the investigation.

75. Defendant failed to provide Plaintiffs with a notice of their rights to obtain reproductions of documents used by TD Bank, N.A. in their investigation, and the Defendant did not provide Plaintiffs with the records it relied upon in conducting its alleged investigation.

76. The Plaintiffs never provided any person with permission, consent or authority to debit the fraudulent funds from Plaintiff's account with the Defendant.

77. Defendant did not conduct a good faith or reasonable investigation into the disputed fraudulent transactions taking funds from the Plaintiffs' accounts.

78. Defendant has not issued Plaintiffs a credit for the fraudulently transferred funds.

79. Plaintiffs' remain without the money debited from their account with Defendant absent knowledge, authorization, consent or benefit of the Plaintiffs.

80. Defendant's affirmative conduct, and omissions were done in violation of 15 U.S.C.

§1693f(a)(3).

81. Defendant's conduct is in violation of 15 U.S.C. §1693f(e)(1) because Defendant failed to make a good faith investigation of the alleged error, or did not have a reasonable basis for believing the account was not subject to an error.

82. Defendant's conduct is in violation of 15 U.S.C. §1693f(e)(2) and TD Bank, N.A. knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT AND REG. E.

### 15 U.S.C. §1693 *et seq.* and 12 C.F.R. §205 *et seq.*

83. Plaintiffs reincorporate by reference all prior allegations of the Complaint as if set forth at full herein.

84. The foregoing intentional and negligent acts and omissions of Defendant constitutes numerous and multiple violations of the EFTA and Regulation E including but not limited to, each of the above-cited provisions of the EFTA, 15 U.S.C. §1639 *et seq*.

85. Defendant's violations of the EFTA and Regulation E have directly resulted in damages to the Plaintiffs including loss of money, financial hardship, anxiety, stress, and other hardship.

86. As a result of Defendant's violations of the EFTA and Regulation E, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); treble damages under 15 U.S.C. 15 §1693f; together with reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

## COUNT II

## BREACH OF FIDUCIARY DUTY

87. Plaintiffs reincorporate by reference all prior allegations of the Complaint as if set forth at full herein.

88. Plaintiffs and Defendant shared a relationship whereby Plaintiff reposes trust and confidence in Defendant, and the Defendant undertakes such trust and assumes a duty to advise, and/or protect Plaintiff and safeguard their assets.

89. Defendant knew or should have known that Plaintiffs were reasonably placing their trust and confidence in TD Bank, N.A., with its established fraud department and detection systems, intended to protect customer assets.

90. The Defendant breached its duties to Plaintiff when it released money it was safeguarding for Plaintiffs, to third parties without the direct instruction, consent, or knowledge of the Plaintiffs.

91. The Defendant breached its duties by failing to implement its own policies and procedures which it advertised to the public as being useful and effective to prevent the type of fraud that occurred on Plaintiffs' accounts.

92. As a result of the Defendant's breach of fiduciary duty, Plaintiffs suffered damages including but not limited the loss of more than $50,000. The Plaintiffs are entitled to recover said damages.

## COUNT III

## NEGLIGENCE

93. Plaintiffs reincorporate by reference all prior allegations of the Complaint as if set forth at full herein.

94. Defendant owed a duty of care to Plaintiffs to safeguard their money, and ensure that their

policies and procedures designed for the purpose of protecting customer money and preventing fraud were effective.

95. The foregoing acts and omissions of the Defendant constituted negligence and included breaches of the duty owed to the Plaintiffs.

96. Defendants negligent acts and/or omissions caused damage to the Defendants including but not limited to the loss of more than $50,000.

97. As a result of Defendant's negligent conduct, the Plaintiffs are entitled to recovery of damages.

## DEMAND FOR TRIAL BY JURY

98. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS demand:

    a. Compensatory Damages

    b. Punitive Damages

    c. Statutory Damages

    d. Restitution

    e. Injunctive Relief

    f. Declaratory Judgment

    g. Attorney fees and costs

    h.    All other relief this Court determines to be just and fair.

Date May 19, 2025                            <u>*/s/ Adam Deutsch*</u>
                                                Adam Deutsch, Esq., BBO 569173
                                                P.O. Box 60717
                                                Longmeadow, MA 01106
                                                t. 413-285-3646
                                                adam@northeastlawgroup.com